Weygandt, C. J.
 

 The one question requiring the consideration of this court is whether the Court of Common Pleas was within its powers in making the
 
 nunc pro tunc
 
 entry of July 11,1936.
 

 It is elementary that courts possess inherent common-law power to enter judgments or orders
 
 nunc pro tunc
 
 in proper cases. The phrase meaning simply “now for then” is accurately descriptive. The general purpose of such an entry is to record a prior but unrecorded act of the court. In other words, the power to make
 
 nunc pro time
 
 entries is' restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.
 
 Reinbolt
 
 v.
 
 Reinbolt,
 
 112 Ohio St., 526, 147 N. E., 808.
 

 Under the circumstances of the instant case did the court possess the power to resort to a
 
 mmc pro tunc
 
 entry? Patently, the answer must be in the negative. It should be remembered that the entry was made on July 11, 1936, and according to its terms it purported to be retroactively effective as of March 31, 1936. The purpose of this retroactive feature could not have been to make the journal speak the truth, because the intervenors did not file their motion until June 16, 1936. Furthermore it is not claimed that the court took any
 
 *114
 
 action whatsoever in this case on March 31, 1936. Thus it is apparent that the court exceeded its power, and that its pretended entry was invalid, i
 

 Had the entry been effective as of the date of its actual rendition, another question would be presented for consideration. However, that matter is not now before the court inasmuch as there was no attempt on July 11, 1936, to vacate or modify any former entry in the case.
 

 The judgment of the Court of Appeals is reversed and final judgment is rendered for the appellant as to the entry of July 11, 1936.
 

 Judgment reversed.
 

 Matthias, Day, Zimmerman and Myers, JJ., concur.
 

 Williams, J., not participating.