This is an appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Enrico Allen King, sets forth the following assignment of error:
"Assignment of Error
 "BECAUSE A TRIAL COURT SPEAKS ONLY THROUGH ITS JOURNAL ENTRY, WHEN THE ONLY RELEVANT JOURNAL ENTRIES INDICATE THAT THE DEFENDANT ENTERED A PLEA OF GUILTY TO, AND WAS SENTENCED FOR, A FELONY OF THE THIRD DEGREE, THE COURT DOES NOT HAVE JURISDICTION TO SENTENCE A PERSON TO AN INDEFINITE PERIOD OF FIVE TO TEN YEARS OF INCARCERATION."
The following facts are relevant to this appeal. Appellant was indicted on March 23, 1993 on one count of aggravated burglary in violation of R.C. 2911.11 and one count of attempted rape in violation of R.C. 2923.02. On April 28, 1993, appellant withdrew his not guilty plea and entered a plea of guilty to attempted burglary with the understanding that anolle prosequi to the attempted rape charge would be entered. Appellant's trial counsel stated that the offense to which appellant was pleading was an aggravated felony of the third degree. During the plea hearing, the trial court informed appellant that his offense was an aggravated felony of the third degree.[1]
Appellant was sentenced on May 28, 1993. During the sentencing hearing, the trial judge initially indicated that the offense was a felony of the third degree. The trial judge later corrected his statement and stated that the offense was an aggravated felony of the third degree. The judgment entry states that the offense is "a felony of the 3rd degree" and ordered incarceration for "a period of not less than 5 to 10 years."[2] On February 17, 1998, this court granted appellant's motion for leave to file a delayed appeal.
In his assignment of error, appellant argues that because a trial court speaks only through its journal entry, the trial court in the case sub judice is without jurisdiction to impose a sentence other than one for a third degree felony. At the time appellant was sentenced, a person convicted of a third degree felony without a specification could receive a sentence of one, one and one-half or two years incarceration. This court finds merit in this assignment of error.
In this case, on May 28, 1993, appellant was sentenced and the trial court stated at that time:
 "THE COURT: The defendant, having tendered plea of guilty to aggravated burglary, a violation of section 2911.11 and 2923.02 of the Ohio Revised Code, being a felony of the third degree, * * * it is the sentence of this Court that the defendant be committed to the Department of Rehabilitation and Corrections for a period not less than five years nor more than ten years, pay the cost of prosecution, being given credit for time served in the amount of 22 days. * * *
"* * *
 "[PROSECUTOR]: We would request a nolle as to Count 2. Judge, that's a — just for the record, that's an aggravated felony of the third degree.
"THE COURT: What did I say?
"[PROSECUTOR]: You said felony.
 "THE COURT: It's an aggravated felony of the third degree. Excuse me. Thank you."
At the plea hearing, appellant pled guilty to attempted burglary, an aggravated felony of the third degree as set forth in footnote 1.
A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time.State ex rel. Phillips v. Indus. Comm. (1927), 116 Ohio St. 261. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. Jacks v. Adamson
(1897), 56 Ohio St. 397. It does not extend beyond the power to make the journal entry speak the truth. Reinbolt v. Reinbolt
(1925), 112 Ohio St. 526.
A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide.Webb v. Western Reserve Bond Share Co. (1926), 115 Ohio St. 247. That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. See Black's Law Dictionary (6th Ed. 1991) 737-38. Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.
In State v. Breedlove (1988), 46 Ohio App.3d 78, 81, the appellate court stated:
 "* * * For more than sixty years, Ohio law has been clear that the function of a nunc pro tunc
order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded. (Citations omitted.) As stated in National Life Ins. Co. v. Kohn
(1937), 133 Ohio St. 111, 113, 10 O.O. 122, 123, 11 N.E.2d 1020, 1021:
 " '* * * [T]he power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.'
 "It 'speaks the truth' by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance. The purpose of a nunc pro tunc order is not to correct an error in the judgment itself, or to modify the judgment, or to render a judgment when none was made in the first instance. (Citations omitted.) (Emphasis in original.)"
A nunc pro tunc entry may be used to correct a sentencing order as long as the nunc pro tunc entry reflects what the court actually did and is not an attempt to modify the court's judgment. See State v. Parsons (1997), 122 Ohio App.3d 284,286; State v. Greulich (1988), 61 Ohio App.3d 22; State v.Trapp (1977), 52 Ohio App.2d 189, 197-98.
To the extent the trial court needs to correct its judgment entry to reflect its intended sentence as announced in court, appellant's assignment of error is found well-taken.
On consideration whereof, the court finds the judgment is reversed and the case is remanded to the Lucas County Court of Common Pleas for the court to enter a nunc pro tunc order to reflect the correct designation of the felony on its sentencing order. It is ordered that appellee pay court costs for this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE
[1] The following exchange occurred during the plea hearing:
 "MR. TOMCZAK: Your Honor, at this time as a result of negotiations, * * * the State would recommend that the defendant be allowed to plead to attempted burglary, an aggravated felony of the third degree, with a nolle prosequi as to the second count of the indictment at the time of sentencing.
"THE COURT: Mr. Cobau?
 "MR. COBAU: Thank you, Your Honor. At this time my client will withdraw his former pleas of not guilty with the understanding that the prosecutor stated with regard to the other charge of attempted rape be nolled at the time of sentencing and enter a plea of guilty as charged to the charge of attempted burglary which is an aggravated felony of the third degree. He's also prepared to make an admission in open Court today, and he's also reviewed the written plea of guilty with me and he's prepared to sign that.
 "I have spoken with him about his constitutional rights and the waiver of same, and he voluntarily and willingly (sic) ready to do so today and answer whatever questions the Court may have for him.
"* * *
 "THE COURT: Do you understand that the nature of the charge which you are going to enter a plea is attempted burglary and (sic) aggravated felony in violation of 2911.11 and 2923.02 of the Ohio Revised Code for which makes a maximum of 2, 3, 4 or 5 to 10 years and/or a fine of $5000. Do you understand that?
"MR. KING: Yes, I do.
"* * *
 "MR. KING: On March 5, 1993, I purposely broke into a house to take money or whatever was valuable in a residence at 1812 Wright Street in Toledo, Ohio, Lucas County. I do (sic) so with a purpose to steal money. I did not find any money, but I did wake the person who was living there, put my hand over their (sic) mouth and then I left the premises.
"* * *
 "THE COURT: All right. I'm going to give you, Mr. King, the written plea agreement that your counsel has discussed before and shown to you. I want you to read it and if you agree with it, please sign it.
 "MR. COBAU: Let the record show my client read this in full prior to Court being called this morning. I explained these paragraphs to him. He asked questions about it, and he is prepared now to sign it willingly and voluntarily in open Court, having fully understood its contents.
DEFENDANT SIGNED PLEA FORM
 "MR. COBAU: Rico, do you understand this document when we went over it ealier (sic)?
"MR. KING: Yes, I do.
 "MR. COBAU: You are entering into this willingly and voluntarily?
"MR. KING: Yes."
[2] Two nunc pro tunc judgment entries were filed in February 1997 to correct the judgment entry of sentence to refer to R.C.2911.12 rather than R.C. 2929.11.