DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jerome Hayes, appeals from his conviction in the Medina Municipal Court of failure to obey a traffic control device in violation of R.C. 4511.12. This Court vacates.
On June 7, 2000, Hayes was cited by Montville Police for running a red light on Route 18 and was summoned to appear in Medina Municipal Court. Hayes appeared and pled not guilty. Mr. Hayes consented to trial by a traffic magistrate and was tried for the red light violation on June 26, 2000. After trial on the matter, the magistrate found Mr. Hayes guilty and fined him $75 plus costs. The magistrate also assessed two points to his driver's license.
Hayes sought to appeal his conviction to this Court on October 27, 2000. However, this Court dismissed his appeal after Hayes failed to provide a copy of the final, appealable order he was appealing.
On January 25, 2001, the trial court issued a nunc pro tunc entry purportedly adopting the June 26, 2000 magistrate's decision finding Hayes guilty. The trial court fined Hayes $75 and costs and assessed two points to his license. Hayes has timely appealed this order and raises three assignments of error.
However, this Court declines to review Hayes assignments of error because, upon examining the record, it is evident that the trial court's January 25, 2001 nunc pro tunc entry is invalid.
As set forth above, Hayes was tried on June 26, 2000 before a magistrate in traffic court. The transcript of the trial reveals that the magistrate found Hayes guilty, fined him, and assessed two points against his driver's license. The magistrate memorialized this ruling by way of a handwritten notation in the traffic case jacket, which was made part of the record on appeal. However, there is no indication in the record that this "jacket entry" was ever filed, journalized in any way, or sent to the parties as is required by Civ.R. 53(E)(1).
Procedures before a magistrate are governed in part by Ohio Traffic Rules. In particular, Traf.R. 14 provides that contested traffic cases set for trial may be referred to a magistrate. Traf.R. 14 provides, in pertinent part:
 (C) A court may provide for the reference of contested cases to a magistrate for adjudication and written decision. Objections may be filed pursuant to division (E)(3) of Rule 53 of the Rules of Civil Procedure and, if filed, shall be considered by the court pursuant to division (E)(4)(b) of that rule. Except as provided in division (D) of this rule, contested cases shall not be referred to a magistrate without the written consent of the defendant.
The parties right to object to a magistrate's decision is finite. Civ.R. 53 provides, in pertinent part:
(3) Objections.
 Time for Filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision.
* * *
Court's action on magistrate's decision.
 When effective. The magistrate's decision shall be effective when adopted by the court.
After trial in a traffic case, a magistrate is required to file a written decision. See Traf.R. 14. Objections to the written decision of a magistrate must be made within fourteen days of the filing of the magistrate's decision. Civ.R. 53(E)(3) and (4). In the instant case, the magistrate's decision was never filed with the clerk of courts, so there was nothing upon which to object. This Court has previously held that a magistrate's failure to file a decision results in reversible error since a party is prejudiced by his inability to file objections to the decision before the trial judge enters judgment. Erb v. Erb (1989),65 Ohio App.3d 507, 510. See, also, In the Matter of Bortmas (Oct. 15, 1999), Trumbull App. No. 98-T-0147, unreported. Moreover, a magistrate's decision is not valid until it is adopted by the court. Civ.R. 53 (E)(4)(a). Here, there was nothing to adopt, nor object to, since the magistrate's decision was never filed. Consequently, this Court finds that a trial court cannot adopt a non-existent magistrate's decision and the trial court's purported nunc pro tunc entry is invalid.
The nunc pro tunc entry is also invalid since the trial court never issued a prior order adopting the magistrate's decision.
 "`The power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simply device by which a court may make its journal speak the truth.'"
State v. Mora (Mar. 6, 1991), Wayne App. No. 2579, unreported, quotingNational Life Ins. Co. v. Kohn (1937), 133 Ohio St. 111, 113. In short, the trial court could not issue a nunc pro tunc journal entry for a non-existent order. "When a court exceeds its power in entering a purported nunc pro tunc order, that order is invalid." Nat'l. Life Ins.Co. v. Kohn (1937), 133 Ohio St. 111, 113. Accord Mora, supra.
The nunc pro tunc judgment entry of January 25, 2001, is hereby vacated as invalid.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
BATCHELDER, P.J. CONCURS