[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The state of Ohio appeals a decision of the Hamilton County Juvenile Court granting appellee Linda Miller's application to expunge the record of her 1992 conviction for endangering children, a violation of R.C. 2919.22(B)(1). The state raises two assignments of error. We address them out of order.
 {¶ 3} In the second assignment of error, the state contends that the application for expungement should have been denied because Miller's criminal offense was committed against a child under the age of eighteen. We agree. Miller's victim at the time of the offense was under eighteen years of age. The General Assembly had made clear that the offense for which Miller had been convicted is not one that is eligible for expungement.[1] Accordingly, we sustain the state's second assignment of error.
 {¶ 4} In the first assignment of error, the state contends that the trial court erred in issuing a nunc pro tunc order to dismiss the 1992 charge filed against Miller. We agree. At the hearing scheduled upon receipt of Miller's application for expungement, the trial court, to its credit, warned Miller that granting her application was subject to reversal. A trial court may issue a nunc pro tunc order to correct clerical mistakes in order to record officially an action that actually took place but was not duly recorded.[2] A nunc pro tunc entry is inappropriate when it reflects a substantive change in the record.[3]
Nunc pro tunc entries are properly used to reflect only what the court actually decided, not what the court might or should have decided or what the court intended to decide.[4] When a court exceeds its power in entering a nunc pro tunc order, the resulting order is invalid.[5] In this instance, we hold that the use of the nunc pro tunc order as a device to dismiss the charge on which Miller had been convicted exceeded the juvenile court's power. Accordingly, we sustain the state's first assignment of error.
 {¶ 5} Therefore, the judgment of the trial court granting Miller's application for expungement is reversed, and we remand this case for the entry of an appropriate order denying the application and proceedings consistent with this judgment entry.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2953.36(D).
[2] See State v. Hodges (June 22, 2001), 1st Dist. No. C-990516.
[3] See State ex rel. Litty v. Leskovyansky, 77 Ohio St.3d 97, 100,1996-Ohio-340, 671 N.E.2d 236; State ex rel. Mayer v. Henson,97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, at ¶ 14.
[4] See State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 163-164,1995-Ohio-278, 656 N.E.2d 1288.
[5] See Natl. Life Ins. Co. v. Kohn (1937), 133 Ohio St. 111, 113-114,11 N.E.2d 1020.