[Cite as *State v. Haddix*, 2013-Ohio-1974.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-00218 |
| DOUGLAS E. HADDIX | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
                             Court of Common Pleas, Case No.
                             1995CR0111

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 13, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           DOUGLAS E. HADDIX
BY RONALD MARK CALDWELL                   Box 901
Stark County Prosecutor                   Leavittsburg, OH 44430
110 Central Plaza S., Ste. 510
Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant Douglas E. Haddix ["Haddix"] appeals from the November 7, 2012 Judgment Entry of the Stark County Court of Common Pleas denying his motion to resentence.

### Facts and Procedural History

{¶2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶3} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983)

{¶4} This appeal shall be considered in accordance with the aforementioned rules.

{¶5} On February 2, 1995, the Stark County Grand Jury indicted Haddix, on three counts of rape in violation of R.C. 2907.02, one count of felonious assault in violation of R.C. 2907.12, one count of gross sexual imposition in violation of R.C.

2907.05, and one count of endangering children in violation of R.C. 2919.22. Said charges arose from incidents involving a minor under the age of thirteen.

{¶6}    A jury trial commenced on April 25, 1995. At the conclusion of the state's case-in-chief, the trial court dismissed the endangering count. The jury found appellant guilty as charged save for one of the rape counts. By judgment entry filed May 30, 1995, the trial court sentenced appellant to an aggregate indeterminate term of seventeen to fifty years in prison.

{¶7}    Haddix appealed and this court affirmed his convictions and sentences. *State v. Haddix*, 5th Dist. No. 95–CA–0175, 1996 WL 363510(June 3, 1996). For a complete history of appellant's underlying case and subsequent journey through the appellate process *see*, *State v. Haddix,* 5th Dist. No. 1998–CA–0096, 1998 WL 753263(September 28, 1998); *State v. Haddix* 5th Dist. No. 1999–CA–00227, 1999 WL 107980(November 15, 1999); *State v. Haddix* 5th Dist. No. 2011CA00276, 2012-Ohio-4259.

{¶8}    On November 6, 2012, 2011, Haddix filed a motion for resentencing arguing that one of his criminal sentences was illegal because the original judgment entry of sentence contained a sentence upon a count upon which he was acquitted by the jury. By judgment entry filed November 7, 2012, 2011, the trial court denied the motion.

{¶9}    Haddix filed an appeal from the November 7, 2012 judgment entry of the trial court that denied his motion for resentencing.

### Assignment of Error

{¶10} Haddix raises one assignment of error:

**{¶11}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE MOTION TO RESENTENCE."

### *Analysis*

**{¶12}** Haddix argued before the trial court that he was sentenced for a count of statutory rape for which he was found not guilty.

**{¶13}** The original judgment entry of conviction and sentence, filed on May 2, 1995, did reflect that Haddix was sentenced to an indeterminate sentence of 10 to 25 years for the second count of statutory rape. The jury, however, had acquitted Haddix of this specific count in the indictment. This entire sentencing entry was corrected by a nunc pro tune entry, filed on May 30, 1995, to correct this error.

**{¶14}** Haddix filed his original appeal on May 16, 1995. Haddix's brief was not filed until December 4, 1995. Thus, Haddix could have, but did not raise this issue in his direct appeal. However, in the case at bar, the trial court corrected the error by a nun pro tunc entry filed May 30, 1995. Accordingly, Haddix's sentence is neither void nor voidable.

**{¶15}** Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well-settled that, "pursuant to *res judicata,* a defendant cannot raise an

issue...if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Haddix failed to raise the sentencing issue in his direct appeal. Appellant was represented by counsel on that appeal.

**{¶16}** Haddix had the opportunity to raise this issue on direct appeal, but, he failed to do so. The doctrine of res judicata bars appellant from raising this issue anew via a motion to vacate a sentence. *State v. Foy*, 5th Dist. No.2009–CA–00239, 2010–Ohio–2445, ¶ 8. See also *State v. Miller*, 5th Dist. No.2011–CA–00074, 2011–Ohio–3039.

**{¶17}** In an analogous situation, the Ohio Supreme Court concluded that an offender is entitled to a de novo sentencing hearing for the trial court to correct a sentence that omitted notice of post release control. * * * Importantly, because Bezak had already completed his term of imprisonment, the trial court could not, consistent with our decision in Hernandez * * * conduct a resentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

**{¶18}** Recently, the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010- Ohio-6238, the limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control. In *Fischer*, the Court stated:

> We similarly hold that when a judge fails to impose statutorily mandated post release control as part of a defendant's sentence, that part of the sentence is void and must be set aside. (Footnote omitted.) Neither the Constitution nor common sense commands anything more.

This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving post release control, including *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

However, we now modify the second sentence in the Bezak syllabus as ill considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which post release control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

Id. at ¶¶26-27. The court in *Fisher*, supra, further held that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Accordingly, appellant could not raise new issues, or issues he had previously raised on his direct appeal. *State v. Fischer,* supra*;* See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. "Consequently,

the sentencing hearing was…not a de novo hearing but a ministerial act to create a new journal entry with the addition of the corrected language noting that post-release control was mandatory." *State v. Davis*, Washington App. No. 10CA9, 2010-Ohio-5294, ¶32.

**{¶19}** Under *Fisher,* all other parts of Haddix's sentence were valid and remained in full force and effect. In the case at bar, the sole purpose of the nunc pro tunc entry was to correctly state that Haddix's original conviction was based on a jury verdict and the jury found him not guilty of one of the counts, a fact that was obvious to the court and all the parties. It is apparent, then, that the nunc pro tunc entry merely corrected a clerical omission in the resentencing order and made the entry reflect what had already happened, which was Haddix's conviction by jury verdict and sentence upon the counts that he jury had found him guilty. The trial court's addition indicating the removal of a sentence upon the count that the jury found Haddix not guilty affected only the form of the entry and made no substantive changes.

**{¶20}** In *State v. Lester*, the Ohio Supreme Court observed,

> R.C. 2505.02 sets forth the conditions under which an order is final and may be reviewed, affirmed, or modified, with or without retrial. Crim.R. 32(C) specifies the substantive requirements that are to be included within a judgment of conviction that make it final for purposes of appeal. We find that appellant's original judgment entry of conviction meets the Crim.R. 32(C) requirements because it contained the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Therefore, the original judgment entry of conviction was a final order subject to appeal under R.C. 2505.02.

Moreover, the absence of the language required by Crim.R. 32(C) as a matter of form indicating how appellant's conviction was effected has not deprived appellant of any opportunity to appeal his conviction or sentence, as he has appealed numerous times, and in none of those previous direct appeals or collateral procedures did appellant raise any arguments regarding the lack of finality of the judgment of conviction. *Lester*, 2007-Ohio-4239, 2007 WL 2350759; 2008-Ohio-1148, 2008 WL 696901; 2007-Ohio-5627, 2007 WL 3054319; and (May 11, 2009), 3d Dist. No. 2–08–24.

130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶17. The same is true in the case at bar, Haddix has not been deprived of any opportunity to appeal his conviction or sentence, as he has appealed numerous times, and in none of those previous direct appeals or collateral procedures did appellant raise any arguments regarding the original judgment entry of sentence. With respect to nunc pro tunc judgment entries, the *Lester* court observed,

It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163–164, 656 N.E.2d 1288; Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or

what the court intended to decide. *Miller* at ¶ 15; *Fogle* at 164, 656 N.E.2d 1288.

"Nunc pro tunc" means "now for then" and is commonly defined as "[h]aving retroactive legal effect through a court's inherent power." Black's Law Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. *See, e.g., Miller* at ¶ 14, 15; *Fogle* at 163–164, 656 N.E.2d 1288. Appellate courts throughout the state have consistently applied these principles. *See, e.g., State v. Harrison*, Butler App. Nos. CA2009–10–272 and CA2010–01–019, 2010-Ohio-2709, 2010 WL 2373151, ¶ 24, *citing State v. Battle*, Summit App. No. 23404, 2007-Ohio-2475, 2007 WL 1490053, ¶ 6 ("generally, [a] nunc pro tunc entry relates back to the date of the journal entry it corrects"); *State v. Yeaples* (3d Dist.), 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry"); *State v. Breedlove* (1st Dist.1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, *quoting Natl. Life Ins. Co. v. Kohn* (1937), 133 Ohio St. 111, 113, 10 O.O. 122, 11 N.E.2d 1020 (" 'The power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.' It 'speaks the truth' by correcting a judicial record that fails to show an order or a

judgment of the court because the order or judgment was not recorded at

all in the first instance").

130 Ohio St.3d 303, ¶¶17-18.

{¶21} In the case now before us, the original sentencing order complied with the substantive requirements of Crim.R. 32(C), was a final order for purposes of R.C. 2505.02, and was appealed by Haddix. The sole purpose of the nunc pro tunc entry was to correctly state that Haddix's original conviction did not include a conviction on the second count of statutory rape and therefore Haddix was not sentenced on that count. It is apparent, then, that the nunc pro tunc entry merely corrected a clerical omission in the sentencing order and made the entry reflect what had already happened, which was Haddix was found guilty, but not of the second count of statutory rape and to remove the sentence for that count, as set forth in the jury's verdict.

{¶22} Thus, Haddix has already received the benefit that he sought in his motion to resentence. We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *See Smith v. Flesher*, 12 Ohio St. 2d 107, 233 N.E. 2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92, 94(1968); *Wachovia Mtg. Corp. v Aleshire*, 5th Dist. No. 09 CA 4, 2009-Ohio-5097, ¶16. See, also, App.R. 12(D).

{¶23} The arguments presented by Haddix in the present case could have been presented in a direct appeal from the trial court's sentencing entry, but they were not. As a result, res judicata bars appellant from raising them in this appeal.

{¶24} Appellant's sole assignment of error is denied.

**{¶25}** For the forgoing reasons, the judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0429

[Cite as *State v. Haddix*, 2013-Ohio-1974.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOUGLAS E. HADDIX | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-00218 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER