[Cite as *State v. Patterson*, 2017-Ohio-9001.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRANDON C. PATTERSON | : | Case No. 2017CA00153 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
of Common Pleas, Case No. 2009-
CR-0136


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    December 11, 2017


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOHN D. FERRERO    BRANDON PATTERSON, pro se
Prosecuting Attorney    Inmate A564-655
    Trumbull Correctional Institution
By: KRISTINE W. BEARD    P.O. Box 901
Assistant Prosecuting Attorney    Leavittsburg, Ohio 44430
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1} Defendant-appellant Brandon Patterson appeals from the July 20, 2017 "Judgment Entry-Re-Sentencing Nunc Pro Tunc As of 6/1/15". Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 11, 2009, the Stark County Grand Jury indicted appellant on one count of attempted murder in violation of R.C. 2903.02(A) and 2923.02(B), and two counts of felonious assault in violation of R.C. 2903.11, all containing firearm specifications. Appellant was also indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The charges arose from the shooting of two individuals at a party.

{¶3} A jury trial commenced on April 29, 2009. The jury, on May 1, 2009, found appellant guilty as charged. As memorialized in a Judgment Entry filed on May 19, 2009, the trial court sentenced appellant to an aggregate term of twenty years in prison. Appellant filed an appeal. Pursuant to an Opinion filed on June 28, 2010, this Court affirmed appellant's convictions. *State v. Patterson,* 5th Dist. Stark No.2009CA00142, 2010–Ohio–2988.

{¶4} On October 29, 2014, appellant filed a "Motion for Correction of Sentence and Termination Order", claiming that the sentencing entry did not indicate the order in which the sentences were to be served and that the trial court failed to impose a sanction for each offense. By Judgment Entry filed on November 5, 2014, the trial court overruled the motion.

{¶5} Appellant then filed an appeal. Pursuant to an Opinion filed on May 4, 2015 in *State v. Patterson*, 5th Dist. Stark No. 2014CA0020, 2015-Ohio-1714, this Court held that the trial court did not err in denying appellant's Motion to Correct Sentence and Termination Order. However, this Court found that appellant was entitled to a new sentencing hearing, limited to the proper imposition of post-release control. While this Court affirmed the judgment of the trial court, this Court remanded the matter to the trial court for the proper imposition of post-release control.

{¶6} A re-sentencing hearing was held on May 27, 2015. The trial court, via a Judgment Entry filed on June 1, 2015, re-sentenced appellant and imposed a mandatory 5 year term of post-release control.

{¶7} Appellant then appealed. Pursuant to an Opinion filed on October 13, 2015 in *State v. Patterson*, 5th Dist. Stark No. 2015CA00125, 2015-Ohio-4325, this Court affirmed the judgment of the trial court.

{¶8} Thereafter, on July 20, 2017, the trial court issued a "Judgment Entry Prison Sentence Imposed Nunc Pro Tunc As of 5/6/2009." The trial court, in such Judgment Entry, stated that it "has reviewed its sentencing entry filed on May 19, 2009, and the attached transcript from the hearing related to that entry. The Court hereby issues the following nunc pro tunc entry."  On July 20, 2017, the trial court also issued a "Judgment Entry- Re-Sentencing Nunc Pro Tunc As of 6/1/15." The trial court, in such Judgment Entry, stated that it "has reviewed its sentencing entries filed on May 19, 2009 and June 1, 2015. After a review of the entries and transcripts from both hearings, the Court issued a nunc pro tunc entry regarding its May 19, 2009, entry, this nunc pro tunc entry corrects the related sentencing entry filed on June 1, 2015."

{¶9}  Appellant now appeals from the July 20, 2017 "Judgment Entry Re-Sentencing Nunc Pro Tunc As of 6/1/15", raising the following assignment of error on appeal:

{¶10} THE TRIAL COURT ERRED WHEN IT ISSUED A NUNC PRO TUNC ENTRY THAT DOES NOT REFLECT THE RECORD FOR THE ORIGINAL JOURNAL ENTRY FOR MAY 19, 2009 DUE TO THE TRIAL COURT MAKING SUBSTANTIVE CHANGES THAT ARE IN DIRECT DISAGREEMENT WITH FIFTH DISTRICT COURT OF APPEALS AND IS, IN FACT, A NEW JUDGMENT ENTRY VIOLATING APPELLANT'S SUBSTANTIAL RIGHTS PROTECTED BY DUE PROCESS AND DOUBLE JEOPARDY CLAUSE UNDER THE UNITED STATES CONSTITUTIONS (SIC), FIFTH AND FOURTEENTH AMENDMENT (SIC) AND THE OHIO CONSTITUTION ARTICLE ONE, SECTIONS TEN AND SIXTEEN.

I

{¶11}  Appellant, in his sole assignment of error, argues that the trial court lacked jurisdiction to file the July 20, 2017 Nunc Pro Tunc Judgment Entry as of 6/1/15 and that the same improperly made substantial changes to his original sentence.

{¶12}  With respect to nunc pro tunc judgment entries, the court in *State v. Lester,* 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142 observed as follows at paragraphs 18-19:

It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163–164, 656 N.E.2d 1288; Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or

omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller,* 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *Miller* at ¶ 15; *Fogle* at 164, 656 N.E.2d 1288.

"Nunc pro tunc" means "now for then" and is commonly defined as "[h]aving retroactive legal effect through a court's inherent power." Black's Law Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. *See, e.g., Miller* at ¶ 14, 15; *Fogle* at 163–164, 656 N.E.2d 1288. Appellate courts throughout the state have consistently applied these principles. *See, e.g., State v. Harrison,* Butler App. Nos. CA2009–10–272 and CA2010–01–019, 2010–Ohio–2709, 2010 WL 2373151, ¶ 24, *citing State v. Battle,* Summit App. No. 23404, 2007–Ohio–2475, 2007 WL 1490053, ¶ 6 ("generally, [a] nunc pro tunc entry relates back to the date of the journal entry it corrects"); *State v. Yeaples* (3d Dist.), 180 Ohio App.3d 720, 2009–Ohio–184, 907 N.E.2d 333, ¶ 15 ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry"); *State v. Breedlove* (1st Dist.1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, *quoting Natl. Life Ins. Co. v. Kohn* (1937), 133 Ohio St. 111, 113, 10 O.O. 122, 11 N.E.2d 1020 (" 'The power to make nunc pro tunc

entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.' It 'speaks the truth' by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance").

{¶13} In the case sub judice, the trial court stated as follows on the record in sentencing appellant on May 6, 2009:

{¶14} For that attempted murder the Court is sentencing you to ten years in prison. With regard to the gun specification, three years.

{¶15} Now, as it relates to the felonious assault for the same victim, it arose out of the same conduct technically because there were two shots. There could be a separate sentence for this, but the Court is going to make the sentence concurrent as it relates to that felonious assault of three years for the felonious assault and three years for the gun spec to be merged with the attempted murder.

{¶16} With regard to the second victim, the felonious assault sentence will be three years. The gun spec, three years consecutive to that time and that sentence will be consecutive to the attempted murder sentence, and with regard to the firearm specification - - or excuse me - - the weapon under disability one year.

{¶17} The total sentence is 20 years…

{¶18} Transcript from May 6, 2009 sentencing hearing at 6-7.

{¶19} The trial court, in its May 19, 2009 Judgment Entry, stated, in relevant part, as follows:

{¶20} IT IS THEREFORE ORDERED that the defendant shall serve a prison term of ten (10) years on the charge of Attempt to Commit an Offense (Murder), 1 ct.[R.C. 2923.02(A)] [R.C. 2903.02(B)] (F1) (With Firearm Specification) as contained in Count One, and

{¶21} IT IS FURTHER ORDERED that the defendant shall serve the sentence in count one consecutive to and subsequent to a determinate term of three (3) years actual incarceration for the specification that defendant had a firearm, and

{¶22} IT IS FURTHER ORDERED that the defendant shall serve a prison term of three (3) years on the charge of Felonious Assault, 1 Ct. [R.C. 2903.11(A)(2)](F2) (With Firearm Specification) as contained in Count Three, and

{¶23} IT IS FURTHER ORDERED that the defendant shall serve the sentence in count three consecutive to and subsequent to a determinate term of three (3) years actual incarceration for the specification that the defendant had a firearm, and

{¶24} IT IS FURTHER ORDERED that the defendant shall serve a prison term of one (1) year on the charge of Having Weapons While Under Disability, 1 Ct. [R.C. 2923.13(A)(3)](F3) as contained in count four, and

{¶25} IT IS FURTHER ORDERED that this defendant shall serve all the above sentences consecutively for a total of twenty (20) years of incarceration, ***

{¶26} As noted by appellee, the trial court's May 19, 2009 Judgment Entry did not state that the three years imposed for the second count of felonious assault was to run concurrently to count one or state that the three year sentence for the firearm specifications in counts one and two would merge for sentencing purposes. After this Court remanded the matter for resentencing for the proper imposition of post-release

control, the trial court, in its June 1, 2015 Judgment Entry, incorrectly stated that count two (felonious assault) and three (felonious assault) merged for sentencing purposes when it ordered that the three year sentences for the firearm specifications in the two counts merged.

**{¶27}** Subsequently, the trial court, on July 20, 2017, issued two Nunc Pro Entries to properly reflect what occurred on the record at appellant's sentencing on May 6, 2009.

**{¶28}** The Nunc Pro Tunc Entry filed July 20, 2017 properly states as follows:

**{¶29}** IT IS THEREFORE ORDERED that the defendant shall serve a prison term of ten (10) years on the charge of Attempt to Commit an Offense (Murder), 1 Ct. [R.C. 2923.02(A)][R.C. 2903.02(B)](F1) (With Firearm Specification) as contained in Count One; and

**{¶30}** IT IS FURTHER ORDERED that the defendant shall serve the prison term in Count One consecutive to and subsequent to a determinative three (3) years actual incarceration for the specification that the defendant had a firearm, and

**{¶31}** IT IS FURTHER ORDERED that the defendant shall serve a prison term of three (3) years on the charge of Felonious Assault, 1 Ct. [R.C. 2903.11(A)(2)](F2)(With a firearm specification) as contained in Count Two, and

**{¶32}** IT IS FURTHER ORDERED that the specification to Count Two that the defendant had a firearm shall merge into the specification to Count One that defendant had a firearm, and

**{¶33}** IT IS FURTHER ORDERED that the defendant serve a prison term of three (3) years on the charge of Felonious Assault, 1 Ct.[R.C. 2903.11(A)(2)](F2) (With Firearm Specification) as contained in Count Three, and

**{¶34}** IT IS FURTHER ORDERED that the defendant shall serve the prison term for Count Three consecutive to and subsequent to a determinate term of three (3) years actual incarceration for the specification that the defendant had a firearm, and

**{¶35}** IT IS FURTHER ORDERED that the defendant shall serve a prison term of one (1) year on the charge of Having Weapons While Under Disability, 1 Ct. [R.C. 2933.13(a)(3)](F3) as contained in Count Four, and

**{¶36}** IT IS FURTHER ORDERED THAT this defendant shall serve the prison term for Count One and its accompanying specification concurrently with the prison term for Count Two, but consecutively with the prison terms for Count Three and its accompanying specifications, and consecutively with the prison term for Count Four. Further, the prison terms for Count Three, and its accompanying specification, and the prison term for Count Four shall be served consecutively with each other, for a total prison term of 20 years***

**{¶37}** We find that the trial court had jurisdiction to correct the clerical errors in its Judgment Entries to reflect what actually occurred at the sentencing hearing on May 27, 2015 and that the Nunc Pro Tunc Judgment Entries did not make substantive changes to appellant's sentence.

**{¶38}** Appellant's sole assignment of error is, therefore, overruled.

{¶39} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.