[Cite as *State v. Patterson*, 2019-Ohio-5173.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2019CA00110 |
| BRANDON C. PATTERSON | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2019-CR-0136 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 9, 2019 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JOHN D. FERRERO<br>Prosecuting Attorney<br>Stark County, Ohio | BRANDON C. PATTERSON<br>Inmate No. A564-655<br>Trumbull Correctional Institution<br>P.O. Box 901 |
| KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza South, Suite #510<br>Canton, Ohio  44702-1413 | Leavittsburg, Ohio  44430 |

*Hoffman, P.J.*

{¶1} Appellant Brandon C. Patterson appeals the judgment entered by the Stark County Common Pleas Court resentencing him to an aggregate term of incarceration of fourteen years for his convictions of two counts of felonious assault with accompanying firearm specifications, and one count of having weapons under disability.

## STATEMENT OF THE FACTS AND CASE

{¶2} The facts and much of the procedural history of this case can be found in our previous opinions in this matter, and is incorporated herein. *See State v. Patterson,* 5th Dist. Stark No. 2009CA00142, 2010-Ohio-2988; *State v. Patterson*, 5th Dist. Stark No. 2014CA00220, 2015-Ohio-1714; *State v. Patterson,* 5th Dist. Stark No. 2015CA00125, 2015-Ohio-4325; *State v. Patterson,* 5th Dist. Stark No. 2017CA00153, 2017-Ohio-9001.

{¶3} On March 4, 2019, the Eleventh District Court of Appeals issued a writ of habeas corpus vacating Appellant's conviction for attempted felony murder and the accompanying firearm specification pursuant to *State v. Nolan,* 141 Ohio St. 3d 454, 25 N.E.3d 1016, 2014-Ohio-4800, In *Nolan,* the Ohio Supreme Court held attempted felony murder is not a crime under Ohio law, and found the defendant's conviction to be void and not merely voidable. *Patterson v. Bracy,* 11th Dist. Trumbull No. 2016-T-0067, 132 N.E.3d 1115, 2019-Ohio-747, ¶13. The court remanded to the Stark County Common Pleas Court for resentencing on Count 2, felonious assault with its attendant firearm specification, holding as follows:

> As petitioner's conviction on count one, attempted felony murder, is void, it is vacated. He has therefore demonstrated that he is entitled to

release from confinement but not absolute discharge as sentencing issues remain that cannot be fully addressed in the context of this action regarding sentencing on count two and the accompanying firearm specification. It is clear that count two, felonious assault, and the accompanying firearm specification cannot merge with the void conviction on count one as ordered in the first sentencing entry. However, after first merging count two with count one, and after the Fifth District remanded for what appears to be the limited purpose of imposing post-release control, the trial court, in its second sentencing entry, merged count two with count three. Thus, an issue remains as to which merger order controls. *See State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563, 2015 WL 3935756; *State v. Carsey*, 4th Dist. Athens No. 14CA5, 2014 WL 4181351, 2014-Ohio-3682, ¶ 11 (a trial court lacks jurisdiction to exceed the scope of an appellate court's remand and actions beyond the scope are void).

The trial court then issued what it deems to be a nunc pro tunc entry sentencing petitioner to three years on count two but not the accompanying firearm specification. An issue remains as to whether this is a proper nunc pro tunc order. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 (" 'Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, "nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.' " ' "). *See also Barille v. O'Toole*, 8th Dist. Cuyahoga No. 82063, 2003-Ohio-4343, 2003

WL 21956982, ¶ 50; *State v. McIntyre*, 2d Dist. Montgomery No. 25502, 2013-Ohio-3281, 2013 WL 3936376, ¶ 5; *State v. Waltz*, 12th Dist. Claremont, 2014-Ohio-2474, 14 N.E.3d 429, ¶ 16 (improper nunc pro tunc order is unenforceable as void).

There are no factual disputes, and the parties have been afforded an opportunity to brief all issues. Respondent's motion to dismiss and/or for summary judgment is overruled, and judgment is hereby entered in favor of petitioner on his habeas corpus petition. It is the order of this court that a writ of habeas corpus is issued, under which his conviction for attempted felony murder and the accompanying firearm specification are declared void and vacated. Respondent is ordered to remand petitioner, Brandon C. Patterson, to Stark County for a sentencing hearing in Stark County C.P. No. 2009CR0136, and depending on the resolution of the multiple contingencies identified and further raised by the parties, sentencing on count two and the accompanying firearm specification.

**{¶4}** *Id.* at ¶¶ 28-30.

**{¶5}** The case proceeded to a resentencing hearing on Count Two of felonious assault in the trial court. The court sentenced Appellant to four years incarceration on Count Two of felonious assault and three years on the accompanying firearm specification, and ordered the sentence to run consecutively to his three year sentence on Count Three of felonious assault and the three year sentence on its accompanying firearm specification, and consecutively to a sentence of one year incarceration for having

weapons under disability, for an aggregate term of fourteen years.  It is from that judgment of resentencing Appellant prosecutes his appeal, assigning as error:

I. DID THE TRIAL COURT EXCEED ITS JURISDICTION BY CONDUCTING A DE NOVO RESENTENCING HEARING ON COUNT TWO, FELONIOUS ASSAULT, PURSUANT TO R.C. 2903.11(A)(1) AND/OR (A)(2)?

II. DID THE TRIAL COURT IMPOSE A SENTENCE CONTRARY TO LAW BY IMPROPERLY EMPLOYING THE SENTENCING PACKAGE DOCTRINE IN VIOLATION OF THE U.S. CONST. AMEND. V AND XIV, ART. 1, § I, AND THE OH. CONST. V AND XVI, AND R.C. 2953.08?

III. DID THE TRIAL COURT VIOLATE THE DEFENDANT'S RIGHT TO DUE PROCESS WHEN THE ORIGINAL JUDGE RESENTENCED THE DEFENDANT TO A PRESUMPTIVELY VINDICTIVE, PEARCE, 395 U.S. 711, 726, HARSHER SENTENCE [ON COUNT TWO] WITH NO OBJECTIVE INFORMATION ON THE RECORD?

IV. DID THE TRIAL COURT CONSIDER AND PROPERLY APPLY THE STATUTORY GUIDELINES, PURSUANT TO R.C. 2929.11, 2929.12, AND R.C. 2929.14(C)(4), WHEN EXERCISING DISCRETION TO IMPOSE A CONSECUTIVE SENTENCE FOR COUNT TWO, FELONIOUS ASSAULT?

**{¶6}** Preliminarily, we note this case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

(E) Determination and judgment on appeal

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶7}** This appeal shall be considered in accordance with the aforementioned rule.

I.

**{¶8}** In his first assignment of error, Appellant argues his previously imposed sentence of three years incarceration on count two, felonious assault, ordered to run concurrently with count one, attempted felony murder, was not affected by the remand and could not be increased to four years. He further argues the imposition of a new sentence on this count violates the double jeopardy clause.

**{¶9}** Pursuant to *State v. Williams,* 148 Ohio St. 3d 403, 2016-Ohio-7658, 71 N.E.3d 234, Appellant's sentence for count two of felonious assault, which as an allied offense merged into count one of attempted felony murder, was void. Having vacated as

void the sentence for attempted felony murder which count two of felonious assault had merged into, the Eleventh District Court of Appeals remanded the matter for resentencing on count two. A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. During a de novo resentencing, the trial court is free to impose the identical sentence which was originally imposed, or a greater or lesser sentence within its discretion. *State v. Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, ¶ 9.

**{¶10}** We find the trial court was free to impose a greater sentence than the three year sentence, which was rendered void, it had previously imposed for felonious assault.

**{¶11}** Further, we find no double jeopardy violation because Appellant's previous sentence for felonious assault was void. Jeopardy does not attach to a void sentence. *State v. Jordan,* 104 Ohio St. 3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶25.

**{¶12}** Appellant's first assignment of error is overruled.

II.

**{¶13}** In his second assignment of error, Appellant argues the court erred in employing the sentencing package doctrine.

**{¶14}** The "sentencing package doctrine" is a federal sentencing doctrine which requires federal courts to consider the sum of a defendant's convicted counts as a package in handing down a single overarching sentence for those counts. As such, if any one part of the sentence is vacated on appeal, the entire sentence may be vacated and the package of offenses can be remanded for resentencing. *See, generally, State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 4-5. In *Saxon*, the Supreme Court of Ohio expressly rejected application of the doctrine for State offenses.

{¶15} We find nothing in the record to demonstrate the court employed the sentencing package doctrine.

{¶16} The second assignment of error is overruled.

III.

{¶17} In his third assignment of error, Appellant argues the increase of his sentence from three years to four years on remand is presumptively vindictive pursuant to *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 I.Ed.2d 656 (1969).

{¶18} In *Pearce,* the United States Supreme Court held when a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must "be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," and further "the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726, 89 S. Ct. at 2081.

{¶19} However, *Pearce* was later altered by *Alabama v. Smith,* in which the United States Supreme Court limited the presumption of vindictiveness to circumstances in which there is a "reasonable likelihood" an unexplained increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. 490 U.S. 794, 109 S. Ct. 2201, 2202 (1989). Where there is no such reasonable likelihood, the defendant has the burden of proving actual vindictiveness without aid of a presumption. *Id.*

{¶20} Appellant has not proven actual vindictiveness in the instant case. The State argued for a sentence of eight years for count two of felonious assault, while Appellant argued for a sentence of three or five years. Resentencing Tr. 9. Appellant

has not demonstrated vindictiveness, as the four year sentence imposed by the court was actually less than the high-end five year sentence proposed by Appellant.

{¶21} The third assignment of error is overruled.

IV.

{¶22} In his fourth assignment of error, Appellant argues the court erred in imposing consecutive sentences.

{¶23} The sentencing transcript and the judgment entry of resentencing reflect the court considered the general sentencing guidelines set forth in R.C. 2929.11 and R.C. 2929.12, and made findings in accordance with R.C. 2929.14(C)(4) to support the imposition of consecutive sentences. Appellant argues there is no mention in the court's consecutive sentencing findings of his conduct in prison during the ten years elapsed from his original sentence. The trial court is not obligated to state its reasons in support of the statutory findings to support consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37 (2014).

**{¶24}**  The fourth assignment of error is overruled.

**{¶25}**  The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur