[Cite as *State v. McIntyre*, 2013-Ohio-3281.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25502 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 1980-CR-871 |
| v. | : | |
| | : | |
| ELZIE McINTYRE, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

STEVEN T. PIERSON, Atty. Reg. #0002659, 7051 Clyo Road, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Elzie McIntyre appeals from the denial of his August 28, 2012 motion to dismiss the nunc pro tunc "Amended Entry and Order of Conditional Release" filed by the trial court on

June 24, 1981.

{¶ 2} In his sole assignment of error, McIntyre contends the trial court lacked jurisdiction to issue the 1981 nunc pro tunc entry. He asserts that the trial court improperly used the nunc pro tunc device to modify a prior judgment entry that disposed of his case with finality.

{¶ 3} The facts underlying the present appeal are relatively simple. McIntyre was indicted for murder and other crimes in 1980. Following a December 1980 bench trial, he was found not guilty by reason of insanity. At various times, he was committed to the Dayton Forensic Hospital and the Dayton VA medical center. On June 17, 1981, the trial court filed a judgment entry that dismissed the case and ordered McIntyre "immediately discharged." Seven days later, the trial court filed a nunc pro tunc "Amended Entry and Order of Conditional Release."[1] Like the prior entry, the nunc pro tunc entry found that McIntyre no longer qualified as a mentally ill person subject to hospitalization. The nunc pro tunc entry also referenced an evidentiary hearing that had been held on June 17, 1981, the date of the termination entry. In the nunc pro tunc entry, the trial court found that based on the evidence that had been presented, McIntyre was entitled to conditional release subject to periodic mental-health monitoring, medication, and counseling. McIntyre apparently has abided by these conditions for more than thirty years with court-ordered reviews every two years.

{¶ 4} On August 28, 2012, McIntyre filed his motion to dismiss the 1981 nunc pro tunc entry ordering his conditional release. (Doc. #111). He argued that finality attached to the June 17, 1981 termination entry, which ordered him released. He further argued that the trial court's June 24, 1981 nunc pro tunc entry was invalid because it altered a final judgment. The State opposed the motion, arguing that it was impossible to tell—more than thirty years later and

[1] Copies of both entries are attached to the State's memorandum opposing McIntyre's motion to dismiss. (*See* Doc. #114).

without a transcript of the June 17, 1981 hearing—whether the nunc pro tunc entry improperly modified the original judgment or whether it simply recorded what the trial court actually had decided during the hearing but inadvertently had omitted from the termination entry. (Doc. #114). In other words, absent a transcript reflecting what had been decided on June 17, 1981, the State claimed McIntyre could not demonstrate misuse of the nunc pro tunc process. The trial court apparently agreed with the State and overruled McIntyre's motion. (Doc. #120).

{¶ 5} On appeal, McIntyre repeats his refrain that the trial court misused the nunc pro tunc process to change the termination entry by adding conditions to his release. It is well settled that a nunc pro tunc entry can be used only to reflect what a court actually decided, not what it might have decided or should have decided. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15. Stated differently, a nunc pro tunc entry may be used to "reflect what the trial court did decide but recorded improperly." *Id.* An improper nunc pro tunc entry is void. *Plymouth Park Tax Services v. Papa*, 6th Dist. Lucas No. L-08-1277, 2009-Ohio-3224, ¶18, citing *Natl. Life Ins. Co. v Kohn*, 133 Ohio St. 111, 11 N.E.2d 1020 (1937), paragraph three of the syllabus.

{¶ 6} The problem here is that we have no way of knowing what the trial court actually decided on June 17, 1981. More than thirty years have elapsed since that hearing, and we do not have a transcript of the proceeding. It could be that the trial court decided to release McIntyre from confinement with conditions but inadvertently omitted those conditions from its June 17, 1981 entry. If so, the trial court's use of a nunc pro tunc entry a week later to record those conditions and make the record "speak the truth" would be proper. Absent a transcript of the June 17, 1981 hearing that preceded the termination entry and the nunc pro tunc entry, McIntyre

cannot demonstrate a misuse of the nunc pro tunc process. As the appealing party, he bears the burden of demonstrating error. Based on the record before us, he has failed to do so.

{¶ 7}   McIntyre's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Steven T. Pierson
Hon. Gregory F. Singer