[Cite as *State v. Bradley*, 2013-Ohio-5032.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99673

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT J. BRADLEY

DEFENDANT-APPELLANT

## JUDGMENT:
### DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559416

**BEFORE:** Celebrezze, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

Adam M. Van Ho
Burdon and Merlitti
137 South Main Street
Suite 201
Akron, Ohio   44308


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Kerry A. Sowul
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Albert J. Bradley, brings the instant appeal from his conviction for domestic violence. He claims that trial counsel was constitutionally ineffective, requiring this court to vacate his conviction and remand for a new trial. This court, however, lacks jurisdiction over the present appeal, and therefore, it must be dismissed.

## I.    Factual and Procedural History

{¶2} Appellant was indicted on two counts of felonious assault and one count of domestic violence stemming from a fight with his brother, Ronald Bradley, on February 1, 2012. The counts of felonious assault were tried to a jury, while appellant elected to have the count of domestic violence tried to the judge. The jury found appellant not guilty of both counts of felonious assault, but the trial court found appellant guilty of violating R.C. 2919.25(A), domestic violence, a fourth-degree felony. Appellant was sentenced to time served for this conviction.

{¶3} At the sentencing hearing on October 5, 2012, the trial court explained to appellant that he had the right to appeal, but did not inform appellant, who was found to be indigent by the trial court, about his right to have counsel appointed if he could not afford an attorney and did not inform appellant that he had the right to a transcript at the state's expense. Therefore, the trial court did not comply with Crim.R. 32(B). Three weeks after the date of sentencing, the trial court appointed appellate counsel. Then, on March 6, 2013, the trial court entered a nunc pro tunc entry modifying the October 5,

2012 order only to add "Court assigns attorney Adam Van Ho for appeal." Appellant then filed a notice of appeal on March 20, 2013.

## II. Law and Analysis

{¶4} In the present appeal, appellant claims trial counsel was ineffective. However, this court does not have jurisdiction to determine the issues raised.

{¶5} The trial court's March 6, 2013 nunc pro tunc entry improperly attempts to correct the court's failure to comply with Crim.R. 32(B)(3) regarding appellate rights. Those rights were not properly addressed at the October 5, 2012 sentencing hearing. Therefore, a nunc pro tunc entry cannot be used to correct that error. *See State v. Melton*, 8th Dist. Cuyahoga No. 93299, 2010-Ohio-4476, ¶ 21. The use of a nunc pro tunc order is limited to correcting clerical mistakes in an entry so that it may properly reflect what actually took place. *State v. McIntyre*, 2d Dist. Montgomery No. 25502, 2013-Ohio-3281, ¶ 5 ("It is well settled that a nunc pro tunc entry can be used only to reflect what a court actually decided, not what it might have decided or should have decided"). As a result, the nunc pro tunc order is void. *Id*.

{¶6} Further, "a nunc pro tunc entry cannot operate to extend the period within which an appeal may be prosecuted, especially where the appeal grows out of the original order rather than the nunc pro tunc entry." *State v. Shinkle*, 27 Ohio App.3d 54, 56, 499 N.E.2d 402 (12th Dist.1986).

{¶7} This appeal from the October 5, 2012 entry of sentence is untimely and must be dismissed for lack of jurisdiction. *Cleveland v. Zakaib*, 8th Dist. Cuyahoga Nos.

76928, 76929, and 76930, 2000 Ohio App. LEXIS 4756 (Oct. 12, 2000); App.R. 4(A). Seeking leave to file a delayed appeal is the proper remedy. *See* App.R. 5.

{¶8} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR