[Cite as *State v. Pavlik*, 2017-Ohio-356.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.      16CA0012-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHAN M. PAVLIK | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.      14CR0765 |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2107

HENSAL, Judge.

{¶1}   Defendant-Appellant, Stephan Pavlik, appeals his sentence from the Medina County Court of Common Pleas. For the following reasons, this Court dismisses Pavlik's appeal in part, and vacates the trial court's "Nunc Pro Tunc Sentencing Judgment Entry" dated January 14, 2016.

I.

{¶2}   The facts underlying this appeal are not in dispute. After initially entering a plea of not guilty to two counts of burglary and one count of theft, Pavlik changed his plea to guilty and the case proceeded to sentencing. The trial court sentenced Pavlik to a total of 42 months in prison, which it ordered to run consecutively to a sentence imposed by the Cuyahoga County Court of Common Pleas for similar crimes. Pavlik now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE
PRISON TERMS CONSECUTIVE TO EACH OTHER WITHOUT ISSUING A
SENTENCING ENTRY THAT REFLECTED THE SAME FINDINGS
REQUIRED BY R.C. [] 2929.14(C)(4) THAT WERE MADE AT THE
SENTENCING HEARING.

{¶3}   In his assignment of error, Pavlik argues that the trial court's original sentencing

entry and subsequent nunc pro tunc entry failed to incorporate the trial court's findings from the

sentencing hearing with respect to the imposition of consecutive sentences.  Regarding the nunc

pro tunc entry, Pavlik asserts that the entry does contain sufficient findings under Revised Code

Section 2929.14(C)(4)(a)-(c), but argues that those findings do not align with the trial court's

findings from the sentencing hearing.  More specifically, he argues that the trial court made a

finding under subsection (c) at the sentencing hearing, yet its nunc pro tunc entry contains a

finding under subsection (b).  Pavlik asserts that a nunc pro tunc entry is typically an appropriate

remedy under these circumstances, but argues that the trial court here made a "conscious

transposition[,]" not a clerical mistake.  As a result, he argues that his sentence is contrary to law

and asks this Court to modify his sentence to run concurrently with his sentence from the

Cuyahoga County Court of Common Pleas.

{¶4}   In response, the State concedes that the trial court's original sentencing entry did

not include the required findings under Section 2929.14(C)(4)(a)-(c), but argues that Pavlik's

challenge to that entry is untimely.  Regarding the subsequent nunc pro tunc entry, the State

argues that the trial court's inadvertent failure to align its findings in the nunc pro tunc entry with

its findings at the sentencing hearing does not affect the substance of the entry, and that the trial

court clearly intended to impose a consecutive sentence.  Notwithstanding, it asserts that if this

Court deems it appropriate, the State does not oppose a limited remand to the trial court with instructions for it to correct the nunc pro tunc entry.

{¶5} We begin our analysis with a review of the applicable law. "[B]efore a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that at least one of the three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies." *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165, ¶ 44. Section 2929.14(C)(4)(a)-(c) provides the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} The trial court made the following findings during the sentencing hearing:

> The Court finds that in this matter, a consecutive sentence is necessary to protect the public from future crime and that a consecutive sentence is necessary to punish the offender. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. *Further, the Court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender.*

(Emphasis added.) Thus, the trial court imposed a consecutive sentence under subsection (c), that is, Pavlik's history of criminal conduct demonstrated that a consecutive sentence was necessary to protect the public from future crime by him.

{¶7} As previously noted, there is no dispute that the trial court's original sentencing entry did not contain the required findings under Section 2929.14(C)(4)(a)-(c). Then, despite its finding under subsection (c) at the sentencing hearing, the trial court issued a nunc pro tunc entry that contained a finding under subsection (b). Nunc pro tunc entries, however, are reserved for clerical mistakes and cannot be used to make substantive changes to judgments. Civ.R. 60(A); Crim.R. 36; *Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 9th Dist. Summit No. 22096. 2005-Ohio-4, ¶ 24. As this Court has stated "the purpose of a nunc pro tunc entry is to make the record reflect the truth." *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12. "When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid." *Id.*

{¶8} Here, the trial court's nunc pro tunc entry resulted in a substantive change to the sentencing entry because it made a finding under subsection (b), which did not "reflect the truth" as to its findings at the sentencing hearing. *Id*. Accordingly, the nunc pro tunc entry dated January 14, 2016, is hereby vacated. *Id.* at ¶ 13. To the extent that Pavlik challenges the original sentencing entry, his appeal is untimely and is hereby dismissed on that basis. *See* App.R. 4(A)(1).

{¶9} In light of the foregoing, Pavlik's assignment of error is overruled.

III.

{¶10} Stephan Pavlik's assignment of error is overruled. Pavlik's appeal as it relates to the "Sentencing Judgment Entry" dated November 18, 2015, is hereby dismissed as untimely. The "Nunc Pro Tunc Sentencing Judgment Entry" dated January 14, 2016, is hereby vacated.

Appeal dismissed in part,
and judgment vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MATTHEW B. AMEER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.