[Cite as *In re M.O.*, 2018-Ohio-2176.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: M.O.

C.A. No.     28828

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 15-02-120

DECISION AND JOURNAL ENTRY

Dated: June 6, 2018

HENSAL, Judge.

{¶1}     Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that issued a judgment entry nunc pro tunc regarding visitation. For the following reasons, this Court affirms.

I.

{¶2}     Mother and Father are the biological parents of M.O. Three years ago, the child became the subject of a dependency action. The magistrate ultimately placed M.O. in the legal custody of Mother and awarded specific weekend visitation for Father beginning the first three Wednesdays of each month. The juvenile court adopted the magistrate's decision the same day, reiterating the orders therein verbatim. Father filed objections, challenging only the termination of the parties' shared parenting plan and the award of legal custody to Mother. Father did not raise any issues specific to the visitation order.

{¶3} The juvenile court issued a judgment on August 17, 2016, overruling Father's objections and affirming the award of legal custody to Mother. The court, however, omitted the language in the visitation order limiting Father's weekend visitation to occur beginning only on the first three Thursdays of the month. Both Mother and Father filed timely appeals. While the appeals were pending, the juvenile court issued a nunc pro tunc order pursuant to Civil Rule 60(A), correcting the terms of Father's visitation to comport with its prior order. Father appealed from that order as well. This Court adopted the award of legal custody to Mother, dismissed Mother's appeal for failure to file a brief, and vacated the nunc pro tunc order based on the trial court's lack of jurisdiction to issue it while an appeal was pending. *In re M.O.*, 9th Dist. Summit Nos. 28351, 28371, 28383, 2017-Ohio-7691.

{¶4} Shortly after this Court disposed of the parties' prior appeals, Mother pro se filed a motion asking the juvenile court to "re-correct" its August 17, 2016 judgment to "restate that 'Father gets [M.O.] the first three weekends of each month,'" to comport with the prior visitation order in the magistrate's decision. Mother's motion indicated that she had sent a copy of the motion to Father. Instead, the juvenile court noted its prior attempt to correct the August 17, 2016 judgment entry pursuant to Civil Rule 60(A) and issued a "Judgment Entry (Nunc Pro Tunc)" in which it ordered, in relevant part:

> Paragraph 3 of this Court's Order time-stamped August 17, 2016, is amended NUNC PRO TUNC to reflect that Mother has [M.O.] the fourth weekend of each month. The balance of this Court's order of August 17, 2016, remains in full force and effect.

{¶5} Father filed a timely appeal, in which he raises four assignments of error for review. This Court considers some assignments of error out of order, and consolidates others, to facilitate review.

II.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SUBSTANTIVELY MODIFIED A FINAL ORDER, BY ISSUING A NUNC PRO TUNC JOURNAL ENTRY.

**{¶6}** Father argues that the October 10, 2017 judgment entry that reduced his visitation time with M.O. is void, because the juvenile court improperly used a nunc pro tunc order to substantively modify a final order. This Court disagrees.

**{¶7}** Civil Rule 60(A) allows a trial court to correct clerical mistakes in judgments when such mistakes arise from oversight or omission. The rule does not, however, permit a trial court to substantively modify a judgment. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id*.

**{¶8}** Moreover, courts "possess inherent authority to correct errors in judgment entries so that the record speaks the truth." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995). The *Fogle* court explained that "*nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Id*. at 164, citing *Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 256 (1926). A trial court exceeds its authority when it uses a nunc pro tunc order to substantively modify its prior final determination of an issue, and such an order is invalid. *See Wertz v. Tomasik*, 9th Dist. Summit No. 24013, 2008-Ohio-2965, ¶ 16, citing *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111 (1937), paragraph three of the syllabus.

**{¶9}** The determination that a trial court has properly entered a nunc pro tunc order must be premised on "evidence which shows 'clearly and convincingly' that such former action

was in fact taken." *Ohio DOC v. NCM Plumbing Corp.*, 9th Dist. Summit No. 21878, 2004-Ohio-4322, ¶ 19, quoting *Jacks v. Adamson*, 56 Ohio St. 397 (1897), syllabus. Specifically, the evidence must be so convincing "as to exclude all conjecture." *Jacks* at 404.

{¶10} In this case, the juvenile court initially adopted the orders in the magistrate's decision verbatim. The visitation order provided that Father would have weekend visitation with M.O. beginning solely the first three Thursdays of each month. Father's objections did not specifically challenge that visitation order. Even assuming for the sake of argument that an award of legal custody necessarily implicates visitation issues so that Father has not waived the issue on appeal, the juvenile court's October 10, 2017 nunc pro tunc order substantively comports with its original May 16, 2016 judgment entry in which it adopted the orders in the magistrate's decision. Moreover, the juvenile court expressly stated that it had attempted to correct its August 17, 2016 judgment entry overruling Father's objections pursuant to Civil Rule 60(A) to reflect what it had in fact previously ordered in regard to visitation. Under these circumstances, the juvenile court's October 10, 2017 judgment entry constitutes a proper nunc pro tunc order. Father's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER MOTHER'S PRO SE MOTION TO MODIFY THE VISITATION SCHEDULE BECAUSE SHE WAS REPRESENTED BY COUNSEL AT THE TIME OF THE FILING AND DID NOT PROPERLY SERVE ALL PARTIES WITH A COPY OF HER MOTION.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ISSUED A NUNC PRO TUNC JOURNAL ENTRY, BECAUSE IT WAS BARRED BY RES JUDICATA AND THE LAW OF THE CASE DOCTRINE.

{¶11} In his first assignment of error, Father argues that the juvenile court erred by issuing the October 10, 2017 nunc pro tunc journal entry, because Mother filed pro se her motion to modify the visitation order and did not serve it on all parties. In his third assignment of error, Father argues that the juvenile court's modification of the visitation order in the August 17, 2016 judgment entry was barred by the doctrines of res judicata and law of the case.

{¶12} Although Mother's motion may have reminded the juvenile court of its prior scrivener's error regarding visitation, the lower court did not expressly rule on Mother's request. Instead, it reiterated its prior attempt to correct its error pursuant to Civil Rule 60(A), which attempt failed merely because the juvenile court had not sought leave of this Court during the pendency of the prior appeals to issue a nunc pro tunc order. Because the juvenile court did not expressly rule on Mother's motion, it necessarily corrected its prior judgment pursuant to Civil Rule 60(A) on its own initiative. Accordingly, if there was any error in Mother's filing of her motion, such error was harmless.

{¶13} Father's remaining issues are also without merit. This Court has recognized:

> The doctrine of res judicata provides that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. The law-of-the-case doctrine is similar to res judicata, providing that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

(Internal quotations omitted.) *Cotton v. Anderson*, 9th Dist. Lorain No. 10CA009830, 2011-Ohio-3885, ¶ 15. The proper correction pursuant to Civil Rule 60(A) of the lower court's judgment did not implicate a re-adjudication of issues the court had or could have already resolved. Accordingly, the order is not barred by res judicata. Neither did this Court's prior decision adjudicate the legal question now squarely before us, specifically, whether the juvenile

court's October 10, 2017 judgment entry, which it issued at a time during which it had jurisdiction to do so, constituted a proper nunc pro tunc order. Accordingly, the law of the case doctrine poses no bar to the nunc pro tunc order. Based on the foregoing, the juvenile court's October 10, 2017 proper nunc pro tunc judgment entry does not implicate the doctrines of res judicata and law of the case. Father's first and third assignments of error are overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ISSUING THE OCTOBER 10, 2017, JUDGMENT ENTRY, BECAUSE THE TRIAL COURT LACKED JURISDICTION, AS THE MATTER WAS STILL ON APPEAL.

{¶14} Father argues that the juvenile court lacked jurisdiction to issue the October 10, 2017 nunc pro tunc journal entry, because the lower court issued the order during the 45-day window in which Father might have appealed this Court's September 20, 2017 opinion to the Supreme Court of Ohio. Father's argument is without merit.

{¶15} Supreme Court Practice Rule 7.01(A) requires an appellant to file a notice of appeal in the Supreme Court of Ohio within 45 days from the date of the entry of judgment being appealed in order to perfect a jurisdictional appeal from an appellate court decision. As soon as an appeal is perfected, the lower courts lose jurisdiction to take action except in aid of the appeal. *See In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. Father asserts that he perfected his appeal of this Court's prior decision issued September 20, 2017, in the Supreme Court of Ohio on October 24, 2017. The juvenile court, however, issued its judgment entry nunc pro tunc on October 10, 2017, prior to the time at which it would have been divested of jurisdiction to take further action in the case. Father cites no authority for the proposition that the lower court is divested of jurisdiction to act in the absence of an appellant's filing of a notice of appeal merely because the appellant yet has time to perfect his appeal. On the other hand, the Supreme Court

of Ohio has recognized that a lower court loses jurisdiction upon perfection, i.e., the filing of written notice, of appeal. *See State v.* Washington, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 8, quoting *In re S.J.* at ¶ 9. Because the juvenile court issued its nunc pro tunc order prior to Father's perfection of his appeal to the Supreme Court, the lower court had not yet been divested of jurisdiction to act. Accordingly, the juvenile court maintained jurisdiction to issue the October 10, 2017 order. Father's second assignment of error is overruled.

III.

**{¶16}** Father's assignments of error are overruled. The October 10, 2017 judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

DAVID M. LOWRY, Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

JAMES ARMSTRONG, Guardian ad Litem.