[Cite as *State v. Ferrell*, 2020-Ohio-866.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2019-P-0064** |
| WILLIAM T. FERRELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00845.

Judgment: Appeal dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John P. Laczko*, Portage County Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} On May 23, 2019, defendant-appellant, William T. Ferrell, by and through counsel, filed a notice of appeal. Attached to the notice is the trial court's April 11, 2019 entry resentencing Ferrell. Ferrell's notice of appeal indicates, however, that he is appealing a May 9, 2019 nunc pro tunc entry.

{¶2} In its appellee's brief, the State argues that the appeal should be dismissed since Ferrell did not timely file his appeal from the April 11 entry and the issues raised on appeal are unrelated to the correction made in the May 9 nunc pro tunc

entry.

{¶3} App.R. 4(A)(1) requires that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." As to the April 11, 2019 entry, Ferrell's May 23, 2019 notice of appeal was untimely by ten days.

{¶4} Ferrell's notice of appeal was filed within 30 days of the issuance of the May 9, 2019 "nunc pro tunc" entry, which amended the April 11 entry only as to the amount of jail time credit awarded. However, "[t]he general rule is that a nunc pro tunc order," since it acts to correct clerical errors rather than render substantive legal decisions, "does not operate to extend the period within which an appeal may be prosecuted." *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 19, citing *Perfection Stove Co. v. Scherer*, 120 Ohio St. 445, 448-449, 166 N.E. 376 (1929); *State ex rel. Petty v. Portage Cty. Court of Common Pleas*, 11th Dist. Portage No. 97-P-0041, 1997 WL 664429, *2 (Oct. 17, 1997) (where a nunc pro tunc entry is used to correct a clerical error "the entry does not operate to extend the time period for filing an appeal from the prior judgment"). This rule does not apply in instances where a nunc pro tunc entry "creates a new right or denies an existing right" or when "the appeal or error proceeding grows out of such nunc pro tunc entry." *Petty* at *2; *Perfection* at 449.

{¶5} This court has held that "[a]lthough the issuance of a properly issued nunc pro tunc does *not* extend the time in which to file an appeal from the underlying original decision, a viable appeal arises from a decision improperly identified as a nunc pro tunc entry." *State v. Nixon*, 11th Dist. Portage Nos. 2018-P-0040 and 2018-P-0041, 2019-Ohio-1502, ¶ 5. *Nixon* concluded that a proper nunc pro tunc entry does not exist

2

where the court "improperly changes its original sentencing entry," to include a different amount of jail time credit than ordered in its initial sentencing entry. *Id.* at ¶ 5 and 24. The same circumstances are present here, as the trial court altered the number of days of jail time credit from 1,141 days stated at the sentencing hearing and in the initial entry to 381 days in the "nunc pro tunc" entry. As such, the May 9, 2019 entry is not properly classified as a nunc pro tunc entry.

{¶6} Nonetheless, Ferrell's appeal must be dismissed as untimely filed. While a timely appeal can be taken from an entry improperly classified as issued nunc pro tunc in some instances, we find that Ferrell's appeal is unrelated to the sole issue that was amended in the May 9, 2019 entry: jail time credit. On appeal, he assigns error relating to the increase in his sentence on remand and the court's consecutive sentencing findings, both issues which arose from the original April 11, 2019 entry from which no timely appeal was taken. In similar instances, courts have held that issues relating to the initial entry must be raised from a timely appeal from that entry, not a subsequent, improperly labeled "nunc pro tunc" entry. *State v. Pavlik*, 9th Dist. Medina No. 16CA0012-M, 2017-Ohio-356, ¶ 8 ("[t]o the extent that [appellant] challenges the original sentencing entry, his appeal is untimely and is hereby dismissed on that basis"); *State v. Bradley*, 8th Dist. Cuyahoga No. 99673, 2013-Ohio-5032, ¶ 4-8 (appeal was dismissed where an invalid nunc pro tunc entry was issued since it did not operate to extend the time to file an appeal relating to matters resolved in the original judgment entry); *Troyer v. Troyer*, 188 Ohio App.3d 543, 2010-Ohio-3276, 936 N.E.2d 102, ¶ 23-25, 66 (7th Dist.) (where the trial court issued a "nunc pro tunc" entry adding substantive findings, appellant could address on appeal only "new rulings" from the nunc pro tunc entry and not those made in the previous judgment which was not timely appealed).

3

{¶7}   For these reasons, since Ferrell has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to file a delayed appeal under App.R. 5(A), this court lacks jurisdiction to consider this appeal.  Ferrell is not precluded from seeking to file a motion for leave to appeal pursuant to App.R. 5(A).  *See Bradley* at ¶ 7.

{¶8}   This appeal is hereby dismissed as untimely filed.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.