[Cite as *State v. McClafferty*, 2020-Ohio-6857.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

BRETT M. MCCLAFFERTY

    Appellant

C.A. Nos.     29728
                  29733

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 17 06 2218
                 CR 17 11 3865

DECISION AND JOURNAL ENTRY

Dated: December 23, 2020

---

HENSAL, Judge.

{¶1} Brett McClafferty appeals two journal entries of the Summit County Court of Common Pleas that purported to amend its sentencing entries nunc pro tunc in his two cases. For the following reasons, this Court vacates the entries.

I.

{¶2} Mr. McClafferty pleaded guilty to one count of grand theft in one case and one count of possession of cocaine in a different case. At the sentencing hearing, the trial court ordered Mr. McClafferty to serve twelve months on the grand theft charge and seven months on the possession charge. It ordered him to serve the sentences consecutive to each other and to sentences he had received in cases in three other counties. It also stated that it was going to award Mr. McClafferty 225 days of jail time credit. When the court issued its sentencing entries a few weeks

later, however, it wrote that Mr. McClafferty's sentence for the grand theft charge was 18 months instead of 12.

{¶3}    Mr. McClafferty moved to correct the sentencing entry, pointing out the discrepancy between what the court had said at the sentencing hearing and what it wrote in its entry.  The court subsequently issued a journal entry nunc pro tunc that changed Mr. McClafferty's sentence for the grand theft charge to 12 months.  The order continued to state that he was entitled to 225 days of jail time credit.

{¶4}    In March 2020, the trial court, sua sponte, issued another nunc pro tunc sentencing entry in both cases that changed Mr. McClafferty's jail time credit to zero days.  Mr. McClafferty has appealed, assigning as error that the trial court did not have authority to change its sentencing entries.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY ENTERING A NUNC PRO TUNC WITHOUT AUTHORITY AND JURISDICTION AND TO CHANGE WHAT WAS DECIDED AT THE SENTENCING HEARING ITSELF.

{¶5}    Mr. McClafferty argues that the trial court erred when it changed its sentencing entries nunc pro tunc and removed the 225 days of jail time credit that it had awarded him at the sentencing hearing.

{¶6}    Courts have "inherent authority to correct errors in judgment entries so that the record speaks the truth."  *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995).  A trial court may use a nunc pro tunc entry to correct clerical mistakes in a journal entry so that it "reflect[s] what actually occurred in open court."  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30; *see also* Civ.R. 60(A).  A nunc pro tunc entry is limited, however, "to reflecting

what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Steiner* at 164. "A trial court exceeds its authority when it uses a nunc pro tunc order to substantively modify its prior final determination of an issue, and such an order is invalid." *In re M.O.*, 9th Dist. Summit No. 28828, 2018-Ohio-2176, ¶ 8; *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12.

**{¶7}** At sentencing, the trial court told Mr. McCafferty that it would "make sure you have exact credit in the amount of 225 days served in the Summit County Jail on these case numbers." The amendment of the jail-time credit to zero days, therefore, was a substantive change and did not reflect what had previously occurred in court. *Senz* at ¶ 13. Accordingly, upon review of the record, we conclude that the trial court's March 2020 journal entries must be vacated. *State v. Pavlik*, 9th Dist. Medina No. 16CA0012-M, 2017-Ohio-356, ¶ 8. Mr. McClafferty's assignment of error is sustained.

### III.

**{¶8}** Mr. McClafferty's assignment of error is sustained. The March 18, 2020, judgments of the Summit County Court of Common Pleas are vacated, and this matter is remanded for further proceedings consistent with this decision.

Judgments vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

SEAN BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.