[Cite as *State v. Brown*, 2024-Ohio-6010.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31057 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES BROWN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2009-05-1600 |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2024

HENSAL, Judge.

{¶1} James Brown appeals a journal entry of the Summit County Court of Common Pleas that modified his sentence nunc pro tunc. For the following reasons, this Court reverses.

I.

{¶2} In 2010, a jury found Mr. Brown guilty of multiple counts of rape, sexual battery, and corrupting another with drugs for conduct that occurred in 1998, 2008, and 2009. The trial court sentenced him to a total of 23 years imprisonment. On appeal, this Court upheld his convictions but remanded the matter so that the trial court could consider whether the rape and sexual battery offenses were allied offenses of similar import. The trial court determined that some of the offenses merged and resentenced him to a total of 23 years imprisonment.

{¶3} In 2023, Mr. Brown moved for judicial release. The State opposed his motion and moved for a nunc pro tunc order so that the sentencing entry would reflect that Mr. Brown's sentences for rape were mandatory. The trial court denied Mr. Brown's motion for judicial release

and entered a nunc pro tunc sentencing order that specifies that his sentences for rape are mandatory terms. Mr. Brown has appealed, arguing that the trial court incorrectly entered a nunc pro tunc sentencing order.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING A NUNC PRO TUNC THIRTEEN (13) YEARS AFTER SENTENCING, SUBSTANTIVELY MODIFYING DEFENDANT/APPELLANT'S SENTENCE TO MANDATORY PRISON TIME.

{¶4} Mr. Brown argues that the trial court made an impermissible substantive change to its sentencing entry when it changed his sentences for rape to mandatory terms. The State acknowledges that the trial court exceeded its authority when it modified the entry.

{¶5} Under Criminal Rule 36, a court may correct "[c]lerical mistakes in judgments . . . and errors in the record arising from oversight or omission . . . ." The Ohio Supreme Court has recognized that courts "retain continuing jurisdiction to correct clerical error in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 13. In general, however, they "lack authority to reconsider their own valid final judgments in criminal cases . . . ." *Id.* "A trial court exceeds its authority when it uses a nunc pro tunc order to substantively modify its prior final determination of an issue, and such an order is invalid." *In re M.O.*, 2018-Ohio-2176, ¶ 8 (9th Dist.).

{¶6} In *State v. Mullens*, 2007-Ohio-2893 (9th Dist.), this Court determined that "a nunc pro tunc order was not the proper mechanism by which the trial court could modify" the defendant's sentence to change a ten-year sentence with seven mandatory years to a ten-year sentence with ten mandatory years. *Id.* at ¶ 20. This Court explained that the change "did not merely correct a typographical error or mathematical calculation" but "effectively vacated its

previous sentence and imposed a new sentence." *Id*. Similarly, in this case, the modification of Mr. Brown's sentence to mandatory imprisonment was an improper substantive change to his sentence that exceeded the trial court's authority. *See State v. Greulich*, 61 Ohio App.3d 22, 25 (9th Dist. 1988) ("A *nunc pro tunc* order cannot be used to supply omitted action . . . ."). Mr. Brown's assignment of error is sustained.

III.

**{¶7}** Mr. Brown's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court with instructions for it to vacate its February 14, 2024, journal entry.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ELI R. HELLER and CORINNE HOOVER SIX, Attorneys at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.