[Cite as *Groves-Campbell v. Waytes*, 2025-Ohio-805.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| ANDREA GROVES-CAMPBELL, | **CASE NO. 2025-L-007** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Painesville Municipal Court |
| DONALD WAYTES, JR., | |
| Defendant-Appellee. | Trial Court No. 2024 CVI 01729 |

## M E M O R A N D U M
## O P I N I O N

Decided: March 10, 2025
Judgment: Appeal dismissed

*Andrea Groves-Campbell*, pro se, 20591 Ball Avenue, Euclid, OH 44123 (Plaintiff-Appellant.)

*Donald Waytes, Jr.*, pro se, 546 Westbury Woods Court, Westerville, OH 43081 (Defendant-Appellee).

MATT LYNCH, J.

{¶1} On January 16, 2025, appellant filed a pro se appeal from a Painesville Municipal Court entry. The trial court issued an entry on December 5, 2024, entering judgment in favor of appellant, Andrea Groves-Campbell, and against appellee, Donald Waytes, Jr., in the amount of $305, plus interest. In that entry, the trial court stated that appellant was present in court and that appellee failed to appear. In a December 18, 2024 Nunc Pro Tunc Judgment Entry, the trial court clarified that both appellant and appellee were present in court. The December 18, 2024 entry made no other changes to the trial court's December 5, 2024 judgment.

{¶2} App.R. 3(A) expressly says that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has maintained that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *See Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360 (6th Dist.).

{¶4} In this case, the trial court issued an entry on December 5, 2024, granting judgment in favor of appellant and against appellee. The clerk of courts noted on the appearance docket that copies were mailed to the parties on December 10, 2024. Since service was not made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date service was made and noted on the docket, i.e. December 10, 2024. The deadline for appellant to file her notice of appeal was January 9, 2025, which was not a holiday or a weekend.

{¶5} Appellant filed her notice of appeal on January 16, 2025, and attached to the notice was the December 18, 2024 nunc pro tunc entry, clarifying the misstatement from the December 5, 2024 entry that appellee was not present in court.

2

Case No. 2025-L-007

{¶6}  Generally, a nunc pro tunc entry "acts to correct clerical errors rather than render substantive legal decisions [and] 'does not operate to extend the period within which an appeal may be prosecuted.'"  *State v. Ferrell*, 2020-Ohio-866, ¶ 4 (11th Dist.). A proper nunc pro tunc entry does not create a new right or deny an existing right.  *Id.* Furthermore, "issues relating to the initial entry must be raised from a timely appeal from that entry, not a subsequent," nunc pro tunc entry.  *Id.* at ¶ 6.

{¶7}  Here, the December 18, 2024 Nunc Pro Tunc Judgment Entry corrected a clerical error and the issues raised from the December 5, 2024 entry must be presented from a timely appeal and not from a subsequent nunc pro tunc entry.  Thus, since the deadline to file an appeal from the December 5, 2024 entry was January 9, 2025, appellant's January 16, 2025 notice of appeal was untimely filed by 7 days.

{¶8}  This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶9}  Based upon the foregoing, this appeal is sua sponte dismissed as untimely filed pursuant to App.R. 4(A)(1).


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.


3

Case No. 2025-L-007